UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROLAND PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:16-cv-02075 |
| v. | ) Chief Judge Sharp |
| | ) Magistrate Judge Brown |
| JERRY NORMAN p/k/a NORM | ) |
| DANIELS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

To: The Honorable Kevin H. Sharp, Chief United States District Judge

## REPORT AND RECOMMENDATION

Presently pending is a motion to dismiss (Doc. 18) filed by Defendants Jerry Norman p/k/a Norm Daniels, Paramountsong.com ("Paramount"), and StarTune Records ("StarTune"). Upon consideration of the motion, the Magistrate Judge **RECOMMENDS** that the motion to dismiss (Doc. 18) be **GRANTED**; the claims of copyright infringement, breach of contract, and piracy be **DISMISSED** under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii); that any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3); and that the Plaintiff's motion to expedite the case (Doc. 25) be **TERMINATED AS MOOT**.

### I. BACKGROUND

In May 2015, the Plaintiff entered into a "Songwriter Contract" with Paramount. (Doc. 1-1, p. 8). For a fee, Paramount would create a melody and produce a demo of a song written by the Plaintiff titled "Momma Is Walking With Angels" ("Song"). (Doc. 1-1, p. 8). Daniels signed the Songwriter Contract on Paramount's behalf. (Doc. 1-1, p. 8).

On September 2, 2015, the Plaintiff entered into a "Record Contract" with StarTune. (Doc. 1-1, p. 9). Pursuant to the Record Contract, StarTune would "reproduce, master and place

1

in major online digital record stores, iTunes and Amazon MP3, recordings of" specified songs. (Doc. 1-1, p. 9). It is assumed the Song was the subject of the Record Contract. In exchange for StarTune acquiring nonexclusive rights to "reproduce, distribute and sell digital recordings," the Plaintiff would receive percentages of the sales. (Doc. 1-1, pp. 9-10). StarTune would pay the Plaintiff when $10 or more was due. (Doc. 1-1, p. 10). The term of the Record Contract was one year from September 2, 2015. (Doc. 1-1, p. 9). Norman signed the Record Contract on StarTune's behalf. (Doc. 1-1, p. 9). The Song was registered by the United States Copyright Office effective November 6, 2015. (Doc. 1-1, p. 4).

On March 16, 2016, Paramount refunded the money the Plaintiff had paid to StarTune and provided his earnings to-date from iTunes and Amazon. (Doc. 1-1, p. 5). Representatives from Paramount stated "[p]lease be advised that we will no longer be maintaining your song on iTunes and Amazon, nor do we wish to provide any other services for you." (Doc. 1-1, p. 5).

The Plaintiff apparently sought legal assistance, for on May 5, 2016, Daniels responded to a letter from an attorney in Texas. (Doc. 1-1, p. 6). Daniels stated the Plaintiff had received all royalties and funds due to him plus a refund of his expenditures. (Doc. 1-1, p. 6). Though the Plaintiff's Song may be available on iTunes or Amazon, he only earns royalties when his music is paid for and downloaded from those platforms. (Doc. 1-1, p. 6).

On June 29, 2016, the Plaintiff asked Amazon's copyright department to remove his Song from their online store and investigate piracy. (Doc. 1-1, p. 15). A screenshot of an Amazon website, purportedly dated July 28, 2016, shows the Song was for sale as part of the album "Rainbow Destiny." (Doc. 1-1, pp. 1-3).

In August 2016, the Plaintiff filed a complaint *pro se*, alleging breach of contract, piracy, and "possible copyright infringement." (Doc. 1, p. 1 ¶ 1). Referring to documents attached to the

complaint, summarized above, the Plaintiff's statement of the claim was: "Company only paid $2.80 for royalties for November 2015 thru [sic] December 2015. No further royalties paid this year." (Doc. 1, p. 2 ¶ 4). He prayed for the following relief: an accounting of royalties owed and paid, removal of his Song from digital download stores, payment of fees earned and not paid after the alleged breach of contract, a fine for use of his Song after the alleged breach of contract, and closure of the "company" on account of fraudulent activity. (Doc. 1, p. 3 ¶ 5).

On initial review of the complaint, the Court concluded it pleaded a claim of copyright infringement which provided the Court subject-matter jurisdiction. (Doc. 3, p. 2). The Plaintiff was granted leave to proceed *in forma pauperis*, and the case was referred to the undersigned for disposition of pre-trial, non-dispositive motions and for a report and recommendation on all dispositive motions. (Doc. 3, pp. 1, 3).

The Plaintiff then filed a document titled "Breach of Contract/Copyright Infringement." (Doc. 5). He alleged he was not paid royalties or provided an accounting of earnings after December 2015. (Doc. 5, p. 1). Despite Paramount's notice that it no longer worked for him as of March 16, 2016, the Plaintiff complained his song was still available for download online. (Doc. 5, p. 1). He prayed for attorneys' fees, a "grievance fee," unpaid royalties, and court costs. (Doc. 5, p. 2).

The Defendants collectively moved to dismiss the suit for lack of subject-matter jurisdiction and for failing to state a claim upon which relief can be granted. (Doc. 18). The Plaintiff filed a timely response. (Doc. 23). He claimed that Norm Daniels and Jerry Norman are the same person. (Doc. 23, p. 1). Complaining he has not seen an accounting of his earnings, he challenged the Defendants' assertion that he did not earn additional royalties. (Doc. 23, p. 1). He again claimed his song was advertised for sale after he received Paramount's message that it no

longer worked for him. (Doc. 23, pp. 1-2). He requested punitive damages and alleged he is entitled to $180,000 on account of emotional and mental damages to him and his family, as well as a ruined songwriting career. (Doc. 23, pp. 2-3).

More than one month later, the Plaintiff filed a motion to expedite this case and deny the motion to dismiss. (Doc. 25).[1] The Defendants responded to the motion to expedite. (Doc. 26).

## II. LEGAL STANDARDS

Subject-matter jurisdiction is a prerequisite to suit in federal court, and it may not be waived or forfeited by the parties or the court. *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Challenges to a court's subject-matter jurisdiction, i.e., the court's power to hear a case may be facial or factual. Fed. R. Civ. P. 12(b)(1); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A facial attack focuses on whether the allegations in the complaint, taken as true, provide grounds for jurisdiction. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (citation omitted). Where, as here,[2] the factual basis for jurisdiction is challenged, the allegations in the complaint are not presumed to be true, and the court may weigh evidence to determine if subject-matter jurisdiction exists. *Id.* (citations omitted). The plaintiff bears the burden of proving the court has subject-matter jurisdiction. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)).

---

[1] Notwithstanding the fact that the Plaintiff already filed a response to the motion to dismiss, this supplemental response is untimely.

[2] The Defendants did not clearly state whether the challenge was facial or factual. As the attachments to the complaint are integral to the Defendants' challenge, it is construed as a factual challenge.

4

Whereas a motion to dismiss for lack of subject-matter jurisdiction is a procedural challenge, a motion to dismiss under Rule 12(b)(6) seeks a dismissal of the suit on the merits. To progress beyond a Rule 12(b)(6) dispositive motion, the complaint must contain sufficient factual allegations, taken as true for purposes of the motion and construed in the plaintiff's favor, to state a plausible claim for relief. *Luis v. Zang*, 833 F.3d 619, 625-26 (6th Cir. 2016) (citations omitted). The facts pled in the complaint must permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court may consider materials attached to the complaint without turning the motion to dismiss into a motion for summary judgment as long as the attachments are referred to in the complaint and are central to the claims asserted therein. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted). Complaints filed by individuals proceeding *pro se* are held to lower standards than pleadings created by attorneys and should be liberally construed. *Luis*, 833 F.3d at 626 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). *Pro se* complaints are nevertheless held to basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted). Stated simply,

> [d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party."

*Black v. Read*, No. 3:14-1181, 2016 WL 3561731, at *1 (M.D. Tenn. June 6, 2016), *report and recommendation adopted,* No. CV 3-14-1181, 2016 WL 3460131 (M.D. Tenn. June 24, 2016) (quoting *Dixie v. Ohio*, No. 1:08 CV 0450, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008)).

Where, as here, the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Rule 12(b)(6) dismissal standard as explained in *Iqbal* and *Twombly* is applied to determine whether dismissal is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court's ability to *sua sponte* review and dismiss claims filed *in forma pauperis* applies to both prisoner and nonprisoner litigants. *Gebremariam v. City of Nashville Police Dep't*, No. 3:16-CV-0861, 2016 WL 2854362, at *1 (M.D. Tenn. May 16, 2016) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

### III. ANALYSIS

Through his complaint, the Plaintiff purports to set forth three claims: copyright infringement, breach of contract, and piracy. (Doc. 1, p. 1 ¶ 1). Because a Rule 12(b)(6) motion may be mooted by the results of a Rule 12(b)(1) motion, the Court first considers whether it has subject-matter jurisdiction over these claims.

### A. COPYRIGHT INFRINGEMENT

#### 1. SUBJECT-MATTER JURISDICTION

The Plaintiff did not clearly articulate the basis for his claim of copyright infringement. Liberally construing the complaint and its attachments, the Plaintiff alleges that the Record Contract was breached and that any sales of his Song after the breach constitute copyright infringement. He demands an accounting of royalties owed and paid, his Song be removed from online stores, the "company" be closed for fraudulent activity and be fined for using his Song

after the breach of contract, and the Plaintiff be awarded a "grievance fee" for continued usage of the Song after the breach of contract.

Subject-matter jurisdiction is conferred by 28 U.S.C. § 1338(a) which grants district courts original jurisdiction over civil actions arising under Congressional Acts relating to copyrights. This civil action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*[3] Citing the *T.B. Harms* test, courts in this circuit have found that a claim arises under the Copyright Act

> if and only if [1] the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, [2] or asserts a claim requiring construction of the Act, . . . [3] or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Puetz v. Spectrum Health Hosps.*, No. 1:14-CV-275, 2015 WL 3935984, at *3 (W.D. Mich. June 26, 2015) (quoting *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)); *see also Eberhard Architects, LLC v. Bogart Architecture, Inc.*, 314 F.R.D. 567, 571 (N.D. Ohio 2016); *Frazier v. Capitol CMG Publ'g*, No. 3:14-CV-02310, 2015 WL 8179684, at *3 (M.D. Tenn. Dec. 7, 2015).

The clarity of the *T.B. Harms* test was muddled by a subsequent Second Circuit opinion, *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926 (2d Cir. 1992). In dictum, the *Schoenberg* court determined whether subject-matter existed where a plaintiff claimed the defendants breached a licensing agreement and that subsequent sales of the plaintiff's work constituted copyright infringement. *Id.* at 930-33. Though the complaint alleged copyright infringement and sought damages under the Copyright Act, thus satisfying the *T.B. Harms* test, the court did not end the jurisdictional analysis there. *Id.* at 931-33. Rather, the *Schoenberg* court expanded the inquiry to a three-part analysis: (1) determine whether the infringement claim is

---

[3] Consequently, this Court also has jurisdiction under 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

incidental to a claim of ownership or a contractual claim; (2) if it is not incidental, determine whether the plaintiff alleged a breach of a condition to as opposed to a covenant of the contract; and (3) the court has jurisdiction if the infringement claim is not incidental and the plaintiff alleges a breach of condition to the contract or alleges a material breach of a contractual covenant which creates a right of rescission. *Id.* at 932-33. The court recognized the three-step inquiry would determine the "essence" of the claim. *Id.* at 933.

In 2000, the Second Circuit Court of Appeals abrogated *Schoenberg* and reaffirmed the *T.B. Harms* test. *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir. 2000). The *Basset* court recognized that the *T.B. Harms* test was different from the preceding "essence-of-the-dispute or merely-incidental test." *Id.* at 349. Rather than considering the defense that would be proffered, the *T.B. Harms* test solely considered the allegations made in the complaint. *Id.* The *Bassett* court explained that the "essence" approach deprived plaintiffs of copyright remedies, such as "injunctive relief, impoundment remedies, statutory damages, and attorneys fees provided by the Act" which would not be available in state court. *Id.* at 348 (citing 17 U.S.C. §§ 502-505). The "essence" approach also required the "court to make findings at the outset of the litigation that could not be discerned from the complaint but instead required a deep understanding of the dispute not usually gained until the case had been heard at trial." *Id.* The *Bassett* court noted that through dictum the *Schoenberg* court had greatly expanded the *T.B. Harms* test into a three-prong inquiry. *Id.* at 351-52. Explaining in depth that the *Schoenberg* test was unworkable, the *Bassett* court concluded "for claims of infringement arising from, or in the context of, an alleged contractual breach, this circuit's standard for determining jurisdiction under Section 1338 is furnished by *T.B. Harms,* and not by *Schoenberg.*" *Id.* at 352-55; *see also Kousnsky v. Amazon.Com, Inc.*, 631 F. App'x 22, 24-25 (2d Cir. 2015) (applying *Bassett*).

8

The District Court for the Northern District of Ohio recently relied on the *Bassett* decision and the *T.B. Harms* test in a suit factually similar to the instant case. *Eberhard Architects, LLC v. Bogart Architecture, Inc.*, 314 F.R.D. 567 (N.D. Ohio 2016). In *Eberhard*, the plaintiff licensed its copyrighted material to the defendants. *Id.* at 570. When the defendants allegedly failed to make the payments due under the license agreement, the plaintiff terminated the license. *Id.* The defendants continued to use the copyrighted material. *Id.* The plaintiff then sued the defendants for copyright infringement and breach of contract. *Id.* The plaintiff demanded statutory damages, attorneys' fees, and injunctive relief under the Copyright Act. *Id.* at 572. The court concluded it had jurisdiction over the matter because the complaint explicitly alleged copyright infringement and sought damages available under the Copyright Act. *Id.* Rejecting the defendants' argument that the copyright infringement claim was really a breach of contract claim based on the license agreement, the court explained that jurisdiction is derived from the allegations in the complaint, not the potential defenses. *Id.*

Jurisdictional decisions from other courts in the Sixth Circuit provide additional context. *See Severe Records, LLC v. Rich*, 658 F.3d 571, 581-83 (6th Cir. 2011) (finding the court had jurisdiction to consider a declaratory judgment action concerning authorship of a song because the claim required construction of the Act); *Perry v. Broad. Music, Inc.*, 23 F. App'x 210, 211-12 (6th Cir. 2001) (finding no jurisdiction over a contractual dispute about copyright ownership which was previously decided in another court); *Combs v. Plough, Inc.*, 681 F.2d 469, 470-71 (6th Cir. 1982) (finding no jurisdiction over contractual dispute about ownership of patent rights); *Frazier*, No. 3:14-CV-02310, 2015 WL 8179684, at *3 (concluding the court had jurisdiction to consider claims that the defendants infringed on copyrighted compositions beyond the scope of the parties' contract); *Puetz*, No. 1:14-CV-275, 2015 WL 3935984, at *3-5 (finding

9

no jurisdiction to resolve the contractual question of copyright ownership); *ACS Transp. Sols., Inc. v. Nashville Metro. Transit Auth.*, No. 3:13-CV-1137, 2015 WL 1481461, at *2-3 (M.D. Tenn. Mar. 31, 2015) (finding jurisdiction where the plaintiff alleged copyright infringement based on the defendant's continued use of the copyrighted material after the defendant terminated the license agreement); *Peay v. Morton*, 571 F. Supp. 108, 113-17 (M.D. Tenn. 1983) (relying on cases that applied the "incidental/essence" standard before the *Bassett* decision).

Based on the complaint and its attachments, the District Judge previously concluded that the Court has subject-matter jurisdiction over the Plaintiff's claim of copyright infringement. (Doc. 3, p. 2). The undersigned sees no basis to disturb this finding. The Plaintiff alleges StarTune usurped his exclusive right to reproduce and distribute the copyrighted Song, i.e., infringement of a copyright, and seeks remedies expressly granted by the Copyright Act: an injunction, damages, and profits. 17 U.S.C. §§ 502, 504. StarTune may rely on a valid license as a defense to a claim of copyright infringement, but this defense does not deprive the Court of subject-matter jurisdiction. *See Eberhard Architects, LLC*, 314 F.R.D. at 572; *see also Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 664 (7th Cir. 2011); *Nova Design Build, Inc. v. Grace Hotels, LLC*, 652 F.3d 814, 816 (7th Cir. 2011); *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 845 (D.C. Cir. 2002); *Wallenfang v. Havel*, 707 F. Supp. 2d 800, 807 (E.D. Wis. 2010).

### 2. FAILURE TO STATE A CLAIM/SCREENING UNDER 28 U.S.C. § 1915(e)(2)

As pled, the claim of copyright infringement fails under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). The owner of a copyright may maintain an action for direct copyright infringement where the offending party has violated the copyright owner's exclusive rights, which include the right to reproduce and distribute the copyrighted work. 17 U.S.C. §§ 106, 501.

A copyright infringement claim contains two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (quoting *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004)).

"[A]nyone who is authorized by the copyright owner to use the copyrighted work in a way specified in the statute or who makes a fair use of the work is not an infringer of the copyright with respect to such use." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984). Consequently, when the owner of a copyright grants either exclusive or nonexclusive rights to use the owner's copyrighted material, the owner waives the right to sue the licensee for copyright infringement and may only pursue a breach of contract claim. *Murphy v. Lazarev*, 589 F. App'x 757, 764 (6th Cir. 2014) (citing *Sony Corp. of Am.*, 464 U.S. at 433; *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998)); *Mahavisno v. Compendia Bioscience, Inc.*, 164 F. Supp. 3d 964, 968-69 (E.D. Mich. 2016).

The court may consider the merit of an affirmative defense on a motion to dismiss where the affirmative defense is apparent on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citations omitted) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). The District Court for the Southern District of New York explained that this principle applies when a party relies on a license as a defense to a claim of copyright infringement:

> A defendant may raise a complete defense to a copyright infringement claim by presenting the court with the license or sublicense on a motion to dismiss, and "[d]ismissal of a claim for copyright infringement is proper where a contract underlying the suit clearly and unambiguously demonstrates the existence of the

> defendant's license to exploit the plaintiff's copyrights and where plaintiff has not shown any limitation on that license."

*Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015) (quoting *Ariel (UK) Ltd. v. Reuters Grp. PLC*, No. 05 CIV. 9646 (JFK), 2006 WL 3161467, at *5 (S.D.N.Y. Oct. 31, 2006) and citing *Jasper v. Sony Music Entm't, Inc.*, 378 F. Supp. 2d 334, 338 (S.D.N.Y. 2005)).

The complaint does not adequately state a claim for direct copyright infringement. Under the terms of the Record Contract, StarTune possessed a nonexclusive license to place the Song for sale in online digital record stores, such as Amazon, for a period of one year beginning September 2, 2015. (Doc. 1-1, p. 9). As evidence of infringement, the Plaintiff attached to his complaint a screenshot of an Amazon webpage which purportedly showed the Song for sale as of July 28, 2016. (Doc. 1-1, pp. 1-3). This was within the one-year term of the Record Contract. The Plaintiff does not allege that the Amazon listing exceeded the terms of the Record Contract. Nor does the Plaintiff allege that the Song was reproduced and distributed by StarTune after the one-year term of the contract. Rather, the Plaintiff alleges that all online sales of his Song after receipt of a letter from Paramount in March 2016 were unauthorized and therefore infringed on his copyright. In pertinent part, the Paramount letter stated, "[p]lease be advised that we will no longer be maintaining your song on iTunes and Amazon, nor do we wish to provide any other services for you." (Doc. 1-1, p. 5). As the Songwriter Contract between Paramount and the Plaintiff involved the development of a song recording, not the distribution of the Song online (Doc. 1-1, p. 8), this allegation is insufficient to limit StarTune's license defense. Further, none of the allegations or attachments to the complaint suggest that either the Plaintiff or StarTune, the only parties to the Record Contract, terminated or otherwise modified the agreement. Nor has it been alleged that Paramount had authority to terminate the Record Contract on StarTune's behalf. Because the complaint and its attachments demonstrate the existence of a valid defense to

a claim of direct copyright infringement, the claim should be **DISMISSED** under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. BREACH OF CONTRACT

### 1. SUBJECT-MATTER JURISDICTION

Liberally construing the complaint, the Plaintiff alleges two common law breach of contract claims. First, the Plaintiff alleges StarTune only paid him $2.80 in royalties in 2015 and no royalties in 2016. This is reasonably construed as a claim that StarTune breached the royalty requirement in the Record Contract. Second, the Plaintiff attached to the complaint a notice from Paramount in which Paramount refunded the expenses the Plaintiff had paid StarTune, paid the Plaintiff the full amount of royalties owed, and stated "[p]lease be advised that we will no longer be maintaining your song on iTunes and Amazon, nor do we wish to provide any other services for you." (Doc. 1-1, p. 5). This is liberally construed as a claim that Paramount breached the Record Contract or Songwriter Contract.

With some exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)). That is to say, the claims must "arise from the same contract, dispute, or transaction." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *Capital Park Ltd. Dividend Hous. Ass'n v. Jackson*, 202 F. App'x 873, 877 (6th Cir. 2006)).

The Court may exercise supplemental jurisdiction over these state law claims. The Plaintiff alleges that the Record Contract was breached by nonpayment of royalties and Paramount's letter. Any subsequent sale of his Song, alleges the Plaintiff, constitutes copyright infringement. As this Court has original jurisdiction over the Plaintiff's claim of copyright infringement, the Court may assert supplemental jurisdiction over these breach of contract claims which arise out of the same dispute. *See* 28 U.S.C. § 1367(a).

### 2. FAILURE TO STATE A CLAIM/SCREENING UNDER 28 U.S.C. § 1915(e)(2)

The complaint does not state a plausible claim for breach of contract arising out of deficient royalty payments. The basic elements of a breach of contract claim are: (1) an enforceable contract, (2) nonperformance amounting to a breach of that contract, and (3) resulting damages. *Ingram v. Cendant Mobility Fin. Corp.*, 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006) (citation omitted). Even if the Plaintiff is able to prove receipt of $2.80 in royalties in 2015 and no royalties in 2016, that alone is insufficient to state a claim for breach of contract. Fatal to this claim, the Plaintiff fails to allege facts suggesting he did not receive the royalties owed to him under the Record Contract. The contract plainly states that the Plaintiff is entitled to a percentage of revenue from Song sales during the contract period. (Doc. 1-1, pp. 9-10). Noticeably absent from the complaint are factual allegations plausibly showing that the royalties paid were inconsistent with Song sales. Absent any indication of nonperformance, the complaint does not state claim for breach of contract based on royalty nonpayment.

Second, the notice from Paramount does not plausibly give rise to a claim for breach of contract. Based on the materials attached to the complaint, the only contract between the Plaintiff and Paramount was the Songwriter Contract. Reviewing the complaint and its accompanying materials, there are no factual allegations that Paramount's notice violated the terms of the

Songwriter Contract. Maintaining the Song online for digital sales was required under the Record Contract, not the Songwriter Contract. The Record Contract was between the Plaintiff and StarTune. Absent any allegations that Paramount may make contractual decisions on StarTune's behalf, the notice from Paramount does not plausibly state a claim for breach of contract.

Because the complaint does not plausibly state a claim for breach of contract, these claims should be **DISMISSED** under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. PIRACY

The Plaintiff alleged piracy in his complaint. No legal basis for this claim was provided. Given the context of this suit it is assumed that the Plaintiff is referring to criminal infringement of a copyright. *See* 17 U.S.C. § 506; 18 U.S.C. § 2319. Federal courts have subject-matter jurisdiction to hear claims of criminal copyright infringement. 18 U.S.C. § 3231; *United States v. Liu*, 731 F.3d 982, 987 (9th Cir. 2013). However, there is no private right of action to pursue a claim of criminal copyright infringement under 17 U.S.C. § 506 and 18 U.S.C. § 2319. *Taylor v. Ahold, USA/Martin's Food & Pharmacy*, No. 3:16-CV-248, 2016 WL 1752763, at *2 (E.D. Va. May 2, 2016); *Roy v. Wrenn*, No. 12-CV-303-JD, 2013 WL 4541389, at *4 n.4 (D.N.H. Aug. 27, 2013) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992)); *McCants v. Tolliver*, No. 1:11 CV 0664, 2011 WL 2893058, at *1 & n.2 (N.D. Ohio July 15, 2011) (citing *Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 912-13 (11th Cir. 1986)); *Prunte v. Universal Music Grp.*, 484 F. Supp. 2d 32, 37, 42-43 (D.D.C. 2007).

Because there is no private right of action to enforce criminal copyright law, the claim of piracy should be **DISMISSED** pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). *See Galaria v. Nationwide Mut. Ins. Co.*, No. 15-3386, 2016 WL 4728027, at *5 (6th Cir. Sept. 12, 2016) (explaining that dismissal for lack of statutory standing because the plaintiff does not have

a cause of action should be done under Rule 12(b)(6)) (citing *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011)); *M.J. Whitman & Co. Pension Plan v. Am. Fin. Enterprises, Inc.*, 725 F.2d 394, 396 n.2 (6th Cir. 1984) (citations omitted).

## IV. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the motion to dismiss (Doc. 18) be **GRANTED**; the claims of copyright infringement, breach of contract, and piracy claims be **DISMISSED** under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii); that any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3); and that the Plaintiff's motion to expedite the case (Doc. 25) be **TERMINATED AS MOOT**.

The parties have fourteen (14) days after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 23rd day of February, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge